Ellerbee v 61 W. 62 Owners Corp. (2025 NY Slip Op 06386)

Ellerbee v 61 W. 62 Owners Corp.

2025 NY Slip Op 06386

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rosado, Hagler, JJ. 

Index No. 150003/13|Appeal No. 5212|Case No. 2024-04091|

[*1]Lisa Ellerbee, Plaintiff-Respondent,
v
61 West 62 Owners Corp., et al., Defendants-Appellants, John A. Van Deusen & Associates, Inc., Defendant-Respondent.

Chesney, Nicholas & Brower, LLP, Syosset (Jeffrey M. Burkhoff of counsel), for appellants.
Sacco & Fillas, LLP, Astoria (Anthony Zullo of counsel), for Lisa Ellerbee, respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about May 20, 2024, which, to the extent appealed from, denied the motion of defendants 61 West 62 Owners Corp., Cooper Square Realty, Inc., and Centennial Elevator Industries, Inc. for summary judgment dismissing the complaint and all cross-claims against them, unanimously reversed, on the law, without costs, the motion granted, and the complaint and cross-claims dismissed as against movants.
Plaintiff Lisa Ellerbee alleges that on June 25, 2012, at approximately 8:30 a.m., she was injured when the elevator door in the building in which she resided at 61 West 62nd Street in Manhattan, slammed shut on her hand. Movants sustained their initial burden of demonstrating that the elevator door was safe and code compliant at the time of the accident and that plaintiff's conduct was the sole proximate cause of the accident. The report prepared by defendant John A. Van Deusen & Associates, approximately two weeks prior to the accident, found that the subject elevator was maintained commensurate with local industry practices and that the systems functioned at or near recommended standards. Moreover, the video of the incident, which plaintiff authenticated by testifying that it was a fair and accurate depiction of the events, showed that plaintiff extended her arm between the door frame and the elevator door to keep the door from closing. Such evidence was sufficient to demonstrate the absence of a triable issue of fact (People v Patterson,93 NY2d 80, 84 [1999]; Santana v Metropolitan Transp. Co,170 AD3d 551, 552 [1st Dept 2019]). The affidavit of plaintiff's expert was insufficient to raise a triable issue of fact because he relied only on general safety standards to establish a dangerous condition and did not cite any applicable accepted industry practice, standard, code, or regulation that was violated by defendants (see Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 8-9 [2005]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025